UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA　　　　　　CASE NO. 5:04-CR-50097-01

VERSUS　　　　　　　　　　　　　　　　JUDGE ROBERT G. JAMES

WALTER SAMUEL (01)　　　　　　　　　MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is a "Joint Motion Agreeing to Eligibility for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act." [Doc. No. 90]. Pursuant to the motion, both Defendant Walter Samuel and the United States of America agree Samuel is eligible for a reduced term of imprisonment pursuant to the First Step Act. However, whereas Samuel moves the Court to reduce his sentence of imprisonment to 172 months, or time served, the government argues no reduction of Samuel's term of incarceration is appropriate after consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). [Doc. No. 99 at 6] The parties do agree Samuel's term of supervised release should be reduced from five years to four.

**I.**
**BACKGROUND**

On June 24, 2004, Samuel was indicted on one count of conspiracy to distribute 50 grams or more of a substance containing cocaine base (Count I), a violation of 21 U.S.C. § 841(a)(1); two counts of distribution of 5 grams or more of a substance containing cocaine base (Count II and Count III), a violation of 21 U.S.C. § 841(a)(1); one count of distribution of 50 grams or more of a substance containing cocaine base (Count IV), a violation of 21 U.S.C. § 841(a)(1); and one count of possession with the intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride (Count V), a violation of 21 U.S.C. § 841(a)(1).

On October 27, 2004, a jury found Samuel guilty of all counts in the indictment. Based on the alleged amount of cocaine base in Counts I and IV, the minimum term of imprisonment was 10 years and the maximum term of imprisonment was life imprisonment. Based on the alleged amount of cocaine base in Counts II and III, the minimum term of imprisonment was 5 years and the maximum term of imprisonment was 40 years. Based on the alleged amount of cocaine base, the advisory guideline range would have been 168 to 210 months. However, due to Samuel's prior criminal convictions, he was classified as a Career Offender. Based on his base offense level of 37 and his Criminal History Category of VI, the guideline imprisonment range was 360 months to life.

At sentencing, the court first stated that in his opinion, the sentencing range without application of the career offender enhancement "more accurately depicts the crime of his offense." [Doc. No. 98-1 at 4]. For his crack-cocaine convictions (Counts I-IV), Samuel was sentenced to serve 240 months, which was a sentence 34% below the bottom of his guideline range. For his powder cocaine conviction (Count V), Samuel was sentenced to serve 60-months imprisonment concurrent with the sentence for his crack cocaine convictions. Thereafter, the Court issued supplemental reasons in support of his sentence, stating in part as follows:

> The Court had, of course, reviewed the pre-sentence report and particularly the letter from the defendants [sic] fellow prisoners, both white and black, commenting upon his concern for the well being of his fellow inmates. Jail house conversions are not beyond my ken, but I was impressed with the obvious sincerity of the letters having never, in twenty years, received anything like these. . . . When the defendant was given a chance to plead for a lesser sentence, he did not, saying: "Well, Your Honor, I can't really change the past, you know. I guess nobody really can." He addressed his sorry record: "…. I can't really change where I've come from, but I have a great deal of control over where I'm going and the direction I'm going in." Principally, the Defendant plead for his nephew, whom he had "led" astray. In eight years as the United States Attorney for this district, and twenty years on the bench, I have heard many last minute conversions and view them with some skepticism, but, listening to this one, I was convinced it was sincere.

[Doc. No. 98-2 (citations omitted)].

## II.
### DISCUSSION

**A.     First Step Act**

Samuel seeks relief under Section 404 of the First Step Act of 2018. 132 Stat. 5194 (enacted Dec. 21, 2018). Section 404 allows, but does not require, district courts to reduce the sentence of certain defendants sentenced prior to August 3, 2010, the effective date of the Fair Sentencing Act of 2010. If the court elects to reduce a sentence, it may resentence the defendant as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. *See* First Step Act § 404(b).

The parties agree Samuel meets all criteria to be eligible for a reduction under Section 404 of the First Step Act. Specifically, Samuel's offense was committed before August 3, 2010, and the statutory penalties applicable to his offense were modified by Section 2 of the Fair Sentencing Act, which reduced the statutory penalties for cocaine base offenses "thereby ameliorating a longstanding disparity in treatment of cocaine base and cocaine offenses." *U.S. v. Cortes*, 575 Fed.Appx. 210, 211 (5th Cir. 2014) (citing 124 Stat. 2372 (Aug. 3, 2010); *Dorsey v. United States*, 132 S.Ct. 2321, 2328-29 (2012)).

If the Court were to sentence Samuel as if the Fair Sentencing Act were in effect, Samuel's statutory sentencing range would be 5 to 40 years imprisonment on Counts 1 and IV, and 0 to 20 years on Counts II and III. The minimum term of supervised release would be four years. Under the current sentencing guidelines, Samuel's guideline range would be 262 to 327 months of incarceration.

**B.      Analysis**

Samuel requests a reduction that is proportional to the variance he received at sentencing. The government acknowledges Samuel is eligible to be considered for a reduction in sentence, joins in Samuel's request for a reduction of his supervised release to four years, but argues no reduction in his term of incarceration is warranted. In support of its position, the government addresses Samuel's criminal history, notes he committed the instant offense while on state parole, states its disagreement with the variance originally granted, notes that the current sentence still constitutes a variance of approximately eight percent below the current guideline minimum sentence, and argues that any further reduction would result in unwarranted sentencing disparities. [Doc. No. 99 at 5-6].

A review of the record in this matter shows Samuel is currently 62 years old. While incarcerated, he has obtained both a Bachelor's Degree in Theology and a Masters in Biblical Studies. He has taken and passed numerous courses, including advanced math and several Spanish courses. He has been an inmate pastor for over a decade and has taught math and bible studies to the inmate population as well. He has had no disciplinary reports during his more than 14 years of incarceration.

Following a review of the transcript of original sentencing hearing, the supplemental reasons for sentencing, the original presentence investigation report, the recently submitted sentencing memoranda and all attachments thereto, the court agrees with the sentencing court that a sentence within the adjusted guidelines for this offense would result in a sentence greater than necessary to provide just deterrence, promote respect for the law, to punish, and to protect the public. Instead, the court concludes that a term of incarceration of 172 months, followed by a term of supervised release of four years, will be sufficient to accomplish those purposes.

## III.
### CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Joint Motion Agreeing to Eligibility for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act [Doc. No. 97] is GRANTED, and the Court will issue an amended judgment reducing Defendant Walter Samuel's sentence to 172 months of incarceration and reducing his term of supervised release to four years.

SIGNED this 20th day of May, 2019.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE